NOT FOR PUBLICATION

RECEIVED

MAR 16 2017

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LORI BEAUREGARD, DENNIS
BEAULIEU, NORMAN COLTRI,
CHRISTOPHER DOUGHERTY, HECTOR
GONZALEZ, MARGARET LYONS, DAWN
(ROSENBERG) MINUE, DONNA
SOLOMON, JAMES SPILIOTIS and
MALCOLM TURDO, on behalf of themselves
and all others similarly situated,

          Plaintiffs,

v.

MICHAEL W. HUNTER, B. ERIC
SIVERTSEN, and RANDALL N. SMITH,

          Defendants.

Civ. No. 16-5689

OPINION

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter is before the Court on the Motion to Dismiss and Deny Certification brought by Defendants Randall N. Smith ("Smith") and B. Eric. Sivertsen ("Sivertsen"), and joined in part by Defendant Michael W. Hunter ("Hunter") (collectively "Defendants"). (ECF No. 14). Plaintiffs Lori Beauregard, Dennis Beaulieu, Norman Coltri, Christopher Dougherty, Hector Gonzalez, Margaret Lyons, Dawn (Rosenberg) Minue, Donna Solomon, James Spiliotis, and Malcolm Turdo (collectively "Plaintiffs") oppose. (ECF No. 18). The Court has decided the motion based on the written submissions of the parties and a hearing held on February 7, 2017. For the reasons stated herein, Defendants' motion will be denied.

## BACKGROUND

Plaintiffs are all former employees of RCC Consultants, Inc. ("RCC"). This case arises out of RCC's alleged failure to pay Plaintiffs any wages during multiple pay periods. Generally,

1

Plaintiffs allege the following: Hunter was and is the President and CEO, and a director, of RCC. (Compl. ¶ 24, ECF No. 1). Sivertsen was and is an Executive Vice President, the Secretary, Treasurer, and a director of RCC. (*Id.* ¶ 25). Smith was and is a director of RCC. (*Id.*). The three Defendants were and are the three-member Board of Directors of RCC. (*Id.* ¶¶ 5, 24–26). On May 1, 2015, RCC filed for bankruptcy and RCC is currently being liquidated. (*Id.* ¶ 4).

Due to financial difficulties, RCC failed to pay Plaintiffs during multiple pay periods in 2014 and 2015. (*Id.* ¶¶ 34, 45–49). Defendants were all involved in making the decisions about whether to continue Plaintiffs' employment and whether to use RCC's funds to pay the wages of Plaintiffs. (*Id.* ¶¶ 71–74). Plaintiffs claim that Defendants violated the Fair Labor Standards Act ("FLSA"), New Jersey Wage and Hour Law ("NJWHL") and New Jersey Wage Payment Law ("NJWPL") by making these decisions and by requiring or permitting Plaintiffs to work without pay.

Plaintiffs bring this lawsuit on behalf of two putative classes: 1) members of a collective action under the FLSA; and 2) members of a class action brought pursuant to the NJWHL and NJWPL. Defendants filed a pre-answer motion to dismiss and to deny certification. This motion is currently before the Court.

## LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded

2

factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, No. 14-3792, 2016 WL 106159 (3d Cir. Jan. 11, 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). If the complaint does not demonstrate more than a "mere possibility of misconduct," the complaint must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

### I. Plaintiffs' FLSA Claim

Defendants first argue that Plaintiffs' FLSA claim must be dismissed. The Third Circuit has adopted a "two-tiered approach" to determining whether a Plaintiff's FLSA claim may proceed as a collective action. First, the Court makes a preliminary determination (or "conditional certification") that the employees are similarly situated. A court usually considers conditional certification after the parties have engaged in some limited discovery. *Essex v. Children's Place, Inc.*, 2016 WL 4435675, at *4 (D.N.J. Aug. 16, 2016). At this stage, Plaintiffs must make a "modest factual showing" that the prospective party plaintiffs are similarly situated. *Naider v. A-1 Limousine, Inc.*, 2014 WL 5025921, at *2 (D.N.J. Oct. 8, 2014). Under the "modest factual showing" standard, a plaintiff must produce some evidence, "beyond pure speculation," of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees. *Symczyk v. Genesis HealthCare Corp. ("Symczyk I")*, 656 F.3d 189, 193 (3d Cir. 2011), *rev'd on other grounds by Genesis Healthcare Corp. v. Symczyk ("Symczyk II")*, 133 S. Ct. 1523 (2013).

3

If the plaintiff carries her burden at this threshold stage, the court will "conditionally certify" the collective action for the purposes of notice and pretrial discovery. *Id.* at 192. For the second step, which usually occurs after the close of full discovery, courts apply a "stricter standard" to determine whether the plaintiffs are, in fact, similarly situated. *Essex*, 2016 WL 4435675, at *4.

In this case, as in *Naider*, Defendants filed a motion to dismiss Plaintiffs' FLSA collective action prior to Plaintiffs moving for initial certification. Defendants argue that Plaintiffs fail to allege a common policy or scheme that violates the FLSA and also fail to allege a plausible claim against Smith and Sivertsen. Defendants also argue that Plaintiffs are not similarly situated, so certification of Plaintiffs' proposed FLSA class must be denied and Plaintiffs' FLSA claim must be dismissed. However, the Complaint alleges that RCC failed to pay Plaintiffs during multiple pay periods in 2014 and 2015 (*id.* ¶¶ 34, 45–49), and that all Defendants were all involved in making the decisions about whether to continue Plaintiffs' employment and whether to use RCC's funds to pay the wages of Plaintiffs (*id.* ¶¶ 71–74). Viewing the allegations through the lens of a 12(b)(6) motion, the Court is persuaded that Plaintiffs have stated a plausible claim for relief. Therefore, this argument fails.

II. <u>Supplemental Jurisdiction over Plaintiffs' State law claims</u>

Next, Defendants argue that the Court should not exercise supplemental jurisdiction over Plaintiffs' state law claims. Three requirements must be met before a court may exercise supplemental jurisdiction: 1) the federal claim must have substance sufficient to confer subject matter jurisdiction on the court; 2) the state and federal claims must derive from a common nucleus of operative facts; and 3) the state and federal claims must be such that they would ordinarily be expected to be tried in one judicial proceeding. *MCI Telecomms. Corp., v. Teleconcepts, Inc.*, 71 F.3d 1086, 1002 (3d Cir. 1995) (citations omitted). However, a district

4

court may decline to exercise supplemental jurisdiction if (1) a claim raises novel or complex state law issues, (2) the state law claims substantially predominate over the claims over which the court has original jurisdiction, (3) the court has dismissed the claims over which it has original jurisdiction, or (4) there are other compelling reasons to decline jurisdiction in exceptional circumstances. 28 U.S.C. § 1367(c). Additionally, the Third Circuit has found that jurisdiction over a Rule 23 "opt-out" class action based on state-law claims that parallel an FLSA claim is not "inherently incompatible" with the FLSA's conditional certification "opt-in" procedure. *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 260 (3d Cir. 2012).

In this case, Defendants have not sufficiently demonstrated that supplemental jurisdiction over Plaintiff's state law claims would be inappropriate. Plaintiffs' FLSA claims and state law claims brought pursuant to the NJWHL and NJWPL all derive from Defendants' alleged failure to compensate Plaintiffs. Additionally, the Court is not persuaded that Plaintiffs' state law claims are particularly novel or complex or would substantially predominate over Plaintiffs' FLSA claims such that the exercise of supplemental jurisdiction would be inappropriate. Therefore, this argument also fails.[1]

### III.   Rule 23 Class Action Requirements for Plaintiffs' State law claims

Finally, Defendants argue that Plaintiffs cannot satisfy the requirements of Rule 23 to secure class certification on their state law claims contained in Counts II and II. Pursuant to Federal Rule of Civil Procedure 23(a), a party seeking class certification must first demonstrate that: "(1) the class is so numerous that joinder of all members is impracticable[;] (2) there are questions of law or fact common to the class[;] (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class[;] and (4) the representative parties will

---

[1] However, the Court makes no determination as to the merits of Plaintiffs' claims or if the claims are appropriate for class certification.

5

fairly and adequately protect the interests of the class[.] Second, the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). Fed. R. Civ. P. 23 directs that certification decisions be made "at an early practicable time." However, this language does not "require or encourage premature certification decisions." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 318 (3d Cir. 2008) (citing *Weiss v. Regal Collections*, 385 F.3d 337, 347 (3d Cir. 2004)). "Class certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 are met." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d at 309 (internal citations and quotations omitted).

In this case, Defendants have yet to answer the Complaint and Plaintiffs have not yet moved for class certification. The Court cannot yet conduct a rigorous analysis of issues raised by Defendants, such as potential conflicts of interest between the named Plaintiffs or potential individualized defenses that Plaintiffs may ultimately be subject to. Therefore, the Court declines to dismiss Plaintiffs' class action claims.

## CONCLUSION

For the foregoing reasons, Defendants' motion will be denied. An appropriate order will follow.

ANNE E. THOMPSON, U.S.D.J.

Date: 3-16-17